# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**KAYLUM BELL** and **CIERRA WALKER** *Individually, and on behalf of themselves and others similarly situated,*

Plaintiffs,

v.                                             No._____

**CARRIER CORPORATION**

                              **FLSA Multi-Plaintiff Action**
                              **RULE 23 Class Action**
                              **JURY DEMANDED**

Defendant.

## ORIGINAL FLSA MULTI-PLAINTIFF AND CLASS ACTION COMPLAINT

Plaintiffs Kaylum Bell and Cierra Walker ("Plaintiffs"), individually and on behalf of themselves and other similarly situated current and former hourly-paid probationary employees, bring this Fed. R. Civ. P. 23 class action and Fair Labor Standards Act ("FLSA") multi-plaintiff action against Carrier Corporation ("Defendant"), and allege as follows:

**I.     INTRODUCTION**

1. This lawsuit is brought against Defendant as a multi-plaintiff action under the FLSA, 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime compensation owed to Plaintiffs and other similarly situated hourly-paid probationary employees who are members of an FLSA multi-plaintiff action as defined herein and currently or previously employed by Defendant during all times material.

2. This lawsuit is also brought against the Defendant as a Fed. R. Civ. P. 23 class action, alleging breach of contract under Tennessee state law, to recover unpaid contractual wages or, in the alternative, unjust enrichment/quantum meruit compensation owed to Plaintiffs and other similarly situated current and former hourly-paid crew members who are members of a Rule 23 class as defined herein, and who are currently or previously employed by Defendant.

## II.  JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This action is brought to recover unpaid wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

4. This Court has jurisdiction over the Fed. R. Civ. P. 23 class action claims herein under 28 U.S.C § 1367 because the claims are so related to those within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant employed Plaintiffs in this district during all time material to this action. Also, Defendant regularly has conducted and continues to conduct business in this district, and has engaged and continues to engage in wrongful conduct during all times material to this action.

### III. PARTIES

6. Plaintiff Kaylum Bell was employed by and worked for Defendant as an hourly-paid probationary employee during all times material to these actions. (Plaintiff Bell's Consent to Join this FLSA multi-plaintiff action is attached hereto as *Exhibit A.*)

7. Plaintiff Cierra Walker was employed by and worked for Defendant as an hourly-paid probationary employee during all times material to these actions. (Plaintiff Walker's Consent to Join this FLSA multi-plaintiff action is attached hereto as *Exhibit B.*)

8. Defendant is a Delaware Corporation with its principal address at 13995 Pasteur Blvd., Palm Beach Gardens, Florida 33418-7231. Its registered agent for receiving service of process is United Agent Group, Inc., 205 Powell Place, Brentwood, Tennessee 37027-7522.

### IV. FACTUAL ALLEGATIONS

9. Defendant is one of the world's leading manufacturers of air conditioners, heating units, and refrigerators.

10. Plaintiffs and those similarly situated performed work as probationary employees for Defendant at its manufacturing/warehouse facility in Collierville, Tennessee.

11. Defendant has been the "employer" of Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times material to this Complaint.

12. Plaintiffs and those similarly situated are/ have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA and who worked for Defendant within the territory of the United States during the relevant time period.

13. Defendant is and has been an "enterprise" as defined within section 203(r)1 of the FLSA during all times material to these actions.

14. Defendant has been an "enterprise" engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00

15. During all times material, Defendant has had a timekeeping system to record the compensable work time of Plaintiffs and those similarly situated.

16. During all times material herein, Defendant was responsible for setting and administering all wage and compensation plans, policies, and practices related to Plaintiffs and those similarly situated.

17. Defendant had a common plan, policy, and practice of failing to record into its timekeeping system, or "editing out" of its timekeeping system, portions of the work time performed by Plaintiffs and those similarly situated within weekly pay periods during all times material to this action.

18. More specifically, Defendant had a common plan, policy, and practice of failing to compensate Plaintiffs and those similarly situated for their work time prior to the beginning of their assigned shift and for their work time after the end of their assigned shifts.

19. Plaintiffs and those similarly situated performed work for Defendant prior to the beginning of their assigned shifts without being paid for such pre-shift work time at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material herein.

20. Plaintiffs and those similarly situated performed work for Defendant after the ending of their assigned shifts without being paid for such post-shift work time at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material herein.

21. The work performed by Plaintiffs and those similarly situated was akin to that of an assembly line, requiring them to continue performing their duties without interruption until all tasks associated with their position were completed for every product or material that reached them that day. This requirement was necessary to ensure that each product was fully assembled and ready for testing by the end of each shift.

22. Because Plaintiffs and those similarly situated were not allowed to cease work until each product or material was completely assembled, they often had to work past the scheduled end time of their shift without being compensated for this time.

23. Defendant has been aware that it has not compensated Plaintiffs and those similarly situated for all hours worked within weekly pay periods at the applicable FLSA overtime pay rates.

24. In addition, Defendant promised Plaintiffs and Rule 23 class members they would be paid a double time rate of pay for their work performed on Sundays.

25. Defendant also promised Plaintiffs and Rule 23 class members that if they were required to perform work in a different area of the labor force outside of their normally assigned duties, they would be compensated at the hourly rate specific to that area of work.

26. Plaintiffs and Rule 23 class members accepted Defendant's offer by performing Sunday work but were not compensated for such work at a double time rate of pay.

27. Defendant failed to fulfill these promises.

28. Defendant also promised Plaintiffs and Rule 23 class members they would be paid the hourly rate of pay consistent with that paid to other employees in each department or section of the facility.

29. Plaintiffs and Rule 23 class members accepted Defendant's offer by performing work in different departments and sections of the facility but were not paid the hourly rate of pay designated for each such department or section.

30. Defendant failed to fulfill this promise.

31. Defendant did not compensate Plaintiffs and those similarly situated for all hours worked consistent with their respective unilateral wage contracts with Defendant for the payment of agreed-upon wages during all times material.

32. Defendant also has been aware that it has breached its unilateral wage contracts with Plaintiffs and those similarly situated for the payment of all such unpaid work hours and thereby unjustly enriched itself at their expense.

33. Defendant has failed to keep and maintain timely and accurate pay records of Plaintiffs and those similarly situated.

34. The unpaid wage claims of Plaintiffs and those similarly situated are unified through common theories of Defendant's FLSA violations.

35. Defendant's failure to pay Plaintiffs and those similarly situated for all overtime compensation owed them was willful, with reckless disregard to the FLSA overtime requirements and without a good faith basis.

36. The net effect of Defendant's failure to pay Plaintiffs and those similarly situated for all the compensation owed them was to unjustly enrich itself and enjoy ill-gotten profits at the expense of Plaintiffs and those similarly situated.

37. Plaintiffs and others similarly situated are entitled to a recovery of all their unpaid overtime compensation as well as all the contractual compensation owed them, plus liquidated

damages, attorneys' fees, interest, and other costs, fees, and expenses from Defendant that is available to them under the FLSA and Tennessee statutory and common law.

## V. FLSA MULT-PLAINTIFF ACTION ALLEGATIONS

38. Plaintiffs bring this suit as a multi-plaintiff action on behalf of themselves and those similarly situated under 29 U.S.C. § 216(b) to recover from Defendant unpaid FLSA overtime compensation, liquidated damages, statutory penalties, attorney's fees and costs, and other related damages.

39. Plaintiffs bring this FLSA multi-plaintiff action on behalf of themselves and the following similarly situated persons:

> All hourly-paid probationary employees who were employed by and performed work for Defendant in Tennessee within weekly pay periods during the three (3) year period preceding the filing of the original Complaint and who is a Named Plaintiff or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (collectively, "potential plaintiffs").

40. Plaintiffs and potential plaintiffs to this action are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendant had a common plan, policy, and practice that resulted in a failure to pay Plaintiffs and potential plaintiffs for all hours worked at the applicable FLSA overtime compensation rates of pay, as previously described.

41. This action is properly maintained as a multi-plaintiff action because Plaintiffs and potential plaintiffs have been similarly deprived of overtime compensation due to Defendant's unlawful pay policies and practices.

42. Plaintiffs and potential plaintiffs are also similarly situated because their unpaid wage claims are unified through common theories of the Defendant's FLSA violations.

43. The multi-plaintiff action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to Plaintiffs and potential plaintiffs. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts, and/or substantially impair the ability of Plaintiffs and potential plaintiffs to protect their interests.

44. Plaintiffs will fairly and adequately protect the interests of potential plaintiffs as their interests are in complete alignment with those of potential plaintiffs, i.e., to pursue their aforementioned unpaid minimum wage and overtime compensation claims.

45. Counsel for Plaintiffs will adequately protect his interests as well as the interests of all potential plaintiffs.

46. Defendant's conduct, as alleged herein, was willful with reckless disregard to the FLSA overtime requirements, which conduct has caused significant damages to Plaintiffs and potential plaintiffs.

47. Defendant does not have a good faith basis for its failure to compensate Plaintiffs and potential plaintiffs for all their compensable hours at the applicable FLSA overtime compensation rates of pay during all times material to this action.

48. Therefore, Defendant is liable to Plaintiffs and potential plaintiffs under the FLSA for failing to compensate them for all their unpaid overtime compensation properly.

49. Plaintiffs request this Court to facilitate notices to potential plaintiffs to inform them of the pendency of this action and their right to join this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

50. Plaintiff does not know the precise number of potential plaintiffs as of this time, but this can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel, and other work-related records and documents.

51. Given the composition and number of potential plaintiffs, they may be informed of the pendency of this action directly via U.S. mail, e-mail, text messaging, and by posting notice at all of the Defendant's manufacturing and warehouse facilities.

## VI.   RULE 23 CLASS ALLEGATIONS

52. Defendant employed Plaintiffs and members of the Rule 23 class during all relevant periods of time herein.

53. Plaintiffs bring this Fed. R. Civ. P. 23(b)(3) class action against Defendant on behalf of themselves and the following similarly situated individuals:

> All hourly-paid probationary employees who were employed by and worked for Defendant in the State of Tennessee during the six years preceding the filing of this Original Complaint and who were not paid all wages and compensation owed them by Defendant. (the "Rule 23 class").

54. Defendant promised Plaintiffs and other Rule 23 class members they would be compensated at the same hourly rate of pay as other employees were paid in different departments or sections of the facility.

55. Plaintiffs and other Rule 23 class members accepted Defendant's offer by performing work in different departments or sections of the facility but were not paid the hourly rate of pay designated for each such department or section.

56. Defendant also promised Plaintiffs and Rule 23 class members they would be paid at a double time rate of pay for all hours worked on Sundays.

57. Plaintiffs and other Rule 23 class members fulfilled their acceptance of such promises by performing work on Sundays but were not paid at a double time rate of pay for their Sunday work.

58. Defendant failed to pay Plaintiffs and other Rule 23 class members the promised wages for all the work performed by them within weekly pay periods during all times material.

59. Plaintiffs bring this case as a Fed. R. Civ. P. 23 class action on behalf of themselves, individually, and on behalf of other Rule 23 class members to recover the above-referenced unpaid contractual wages owed to them.

60. The precise number of Rule 23 class members is not known at this time, but it is believed to be more than 50. The exact number of such class members can easily be ascertained by examining the Defendant's payroll, scheduling, timekeeping, personnel, and other work-related records and documents.

61. Pursuant to the allegations above, Plaintiffs' claims are typical of Rule 23 class claims.

62. Common questions of law or fact common to the Rule 23 class predominate over questions affecting only individual class members. These common questions of law or fact are:

    (a) Whether a unilateral contract existed between Defendant and Plaintiffs and the putative Rule 23 class for the payment of wages.

    (b) Whether Plaintiffs and other members of the Rule 23 class are entitled to the specified contractual wages promised by Defendant under the Tennessee statutory and common law of contracts, quantum meruit, and/or unjust enrichment.

    (c) Whether Defendant paid Plaintiffs and other members of the Rule 23 class all the wages owed them within weekly pay periods during the relevant statutory time period herein.

 (d) Whether the Defendant unlawfully breached its unilateral wage agreements with Plaintiffs and members of the Rule 23 class;

 (e) The nature and extent of the Rule 23 class-wide injury and the appropriate measure of damages for the putative Rule 23 class.

63. The claims of Plaintiffs and those similarly situated arose from the same Defendant's actions or inactions herein, and the claims are based on the same legal theories.

64. The individuals in the Rule 23 class, as identified above, are so numerous that the joinder of all members is impracticable

65. The identity of the Rule 23 class members is readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.

66. Plaintiffs are adequate class representatives.

67. Plaintiffs were hourly-paid probationary employees of Defendant who, like other members of the Rule 23 class, were not paid promised wages for all their hours worked within weekly pay periods during all relevant periods of time herein. (Therefore, Plaintiffs have an interest in seeking recovery for the same types of damages that members of the Rule 23 class would seek.)

68. Plaintiffs' unpaid wage claims are typical of those claims that could be alleged by any member of the Rule 23 class, and the relief sought is typical of the relief that would be sought by each member of the putative Rule 23 class in separate actions.

69. All the Rule 23 class members are/were subject to the same common plans, policies, and practices of Defendant in its failure to pay all contractually agreed-upon wages

70. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of breach of a wage contract litigation like the present action, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

71. Class action treatment will permit other similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions would otherwise produce.

72. The adjudication of individual litigation claims would result in a significant expenditure of Court and public resources. However, treating the claims as a class action would result in substantial cost savings.

73. Although the relative damages suffered by individuals in the class are not *de minimis,* such damages are minor compared to the expense and burden of individual prosecution of this litigation.

74. Additionally, proceeding as a class action will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's unlawful practices. As a result, class treatment is a superior mechanism for resolving this dispute compared to the adjudication of individual litigation claims

75. Current employees often fear asserting their rights out of fear of direct or indirect retaliation. Former employees may fear bringing individual claims because doing so could harm their employment, future employment, and future efforts to secure employment. (Class actions provide class members who are not named in the complaint a degree of

anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.)

76. Plaintiffs know of no conflict of interest they have with the Rule 23 class of employees who worked for Defendant.

77. Plaintiffs have hired the law firm of Jackson, Shields, Holt, Owen & Bryant to pursue their claims and the claims of the Rule 23 class for unpaid contractual wages. (The Jackson, Shields, Holt, Owen & Bryant law firm focuses most of its practice on wage and hour claims under the FLSA and state contractual laws.)

78. The law firm has represented numerous other employees asserting unpaid contractual wage claims.

79. The class action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by Plaintiffs and other members of this Rule 23 class action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to seek address for the wrongs done to them individually

80. Plaintiffs and other members of this Rule 23 class have suffered and will continue to suffer irreparable damage from the unlawful wage plans, policies, and practices implemented by Defendant unless resolved by this action.

**COUNT I**
**FAIR LABOR STANDARDS ACT VIOLATIONS**
**(On Behalf of the FLSA Class)**

81. Plaintiffs, individually, and on behalf of themselves and others similarly situated, repeat and re-allege Paragraphs 1 through 77 above as if they were fully set forth herein

82. At all times relevant herein, Defendant has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a).

83. Plaintiffs and potential plaintiffs are similarly situated because they have been deprived of the applicable FLSA minimum wage and overtime compensation owed them as a result of Defendant's common pay plans, policies and practices, as previously described.

84. Plaintiffs and those similarly situated performed work for Defendant within weekly pay periods during all times material without being compensated at the applicable overtime compensation rates of pay for such work time, as previously addressed.

85. Defendant's failure to pay Plaintiffs and those similarly situated for all hours worked within weekly pay periods at the applicable FLSA overtime compensation rates of pay has violated the FLSA, as previously described.

86. During all times material herein, Defendant's common plan, policy, and practice of willfully failing to pay Plaintiffs and those similarly situated at the applicable FLSA overtime compensation rates of pay have resulted in their unpaid wage claims being unified through common theories of Defendant's FLSA violations.

87. Defendant has had actual knowledge of failing and refusing to pay Plaintiffs and those similarly situated for all the applicable FLSA overtime compensation to which they are entitled.

88. The precise number of FLSA class members is unknown at this time, but it is believed to be more than 50. The exact number of such class members can easily be ascertained by examining the Defendant's payroll, scheduling, timekeeping, personnel, and other work-related records and documents

89. Defendant's conduct was willful with reckless disregard to clearly established FLSA overtime compensation requirements.

90. Defendant's violations were without a good faith basis.

91. Plaintiffs and potential plaintiffs are therefore entitled, and hereby seek, to recover compensation from Defendant for unpaid overtime compensation as required by the FLSA and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

## COUNT II
## RULE 23 CLASS ACTION VIOLATIONS
### (On Behalf of the Rule 23 Class)

92. Plaintiffs, individually and on behalf of themselves and other members of the Rule 23 Class, repeat and re-allege Paragraphs 1 through 88 above as if they were fully set forth herein.

93. Plaintiffs assert Rule 23 class breach of contract claims because Defendant entered into valid and enforceable unilateral wage contracts with them and Rule 23 class members pursuant to Tennessee law

94. Defendant offered to compensate Plaintiffs and other members of the Rule 23 class at a double time rate of pay for Sunday work.

95. Plaintiffs and other members of the Rule 23 class accepted Defendant's offer to pay them double time for Sunday work by performing such Sunday work.

96. Defendant failed to fulfill its promise, as previously addressed.

97. Plaintiffs and other members of the Rule 23 class accepted Defendant's offer by working in different departments or sections of the facility.

98. However, as previously addressed, the Defendant failed to pay them the hourly rates of pay designated for each different department or section.

99. In the alternative to the breach of contract class claims, Plaintiffs assert a quantum meruit/unjust enrichment claim that they and each member of the proposed Rule 23 class provided valuable services to Defendant, that it accepted their services, and Defendant had reasonable notice that class members expected to be compensated for their work time on its behalf.

100. The reasonable value of the services provided and not paid for by Defendant is consistent with the hourly rate of pay promised Plaintiffs and members of the Rule 23 class because Defendant benefitted to such degree or more from the work they performed.

101. Plaintiffs and members of the Rule 23 class complained to Defendant because it failed to pay them for all their work and service time, but to no avail.

### **PRAYER FOR RELIEF**

Whereas, Plaintiffs, individually, and on behalf of themselves and all others similarly situated, request this Court to grant the following relief against Defendant:

A. Promptly issue notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. For an Order finding Defendant liable under the FLSA for unpaid overtime compensation owed to Plaintiffs and potential plaintiffs, and for liquidated damages equal in an amount to the unpaid compensation found due to Plaintiffs and potential plaintiffs;

C. For an Order finding that Defendant's violations of the FLSA were willful.

D.  An award of costs, expenses, and disbursements relating to this action, together with reasonable attorneys' fees and expert fees to Plaintiffs and potential plaintiffs.

E.  For certification of and notice to the Rule 23 Class, as further defined and determined by motions practice, and to properly inform them of their rights;

F.  An award of damages to Plaintiffs and Rule 23 class members for Defendant's breach of contract.

G.  An award of damages to Plaintiffs and Rule 23 class members for Defendant's unjust enrichment.

H.  An award of damages to Plaintiffs and Rule 23 class members against Defendant related to their quantum meruit claims.

I.  An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiffs and Rule 23 class members;

J.  Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

March 4 , 2025                          Respectfully Submitted

                                         <u>*s/J.Russ Bryant*</u>
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490)
Cooper Mays (TN BPR #042347)
**JACKSON, SHIELDS, HOLT OWEN & BRYANT**
Attorneys at Law
 262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*jbryant@jsyc.com*
*jleatherwood @jsyc.com*
*cmays@jsyc.com*


***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***